```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Mark A. Williams, et al.,         :

    Plaintiffs,              :

  v.                              :    Case No. 2:09-cv-566

Wellston City School District,   :    JUDGE WATSON
et al.,

    Defendants.              :

## ORDER

This matter is before the Court on the motion to amend the complaint filed by plaintiffs Mark and Penny Williams. Defendants have responded to this motion. For the following reasons, the motion (#22) will be granted.

### I. Background

In their original complaint, the Williamses assert, among other claims, that the defendants violated the Ohio Privacy Act and §1983 by disclosing Mr. Williams' psychological report arising from his mandatory fitness for duty evaluation. As a result of the report, an agreement was reached between the Wellston City School District Board of Education and Mr. Williams permitting him to resign. The Board, named as a defendant in the original complaint, filed a counterclaim asserting that Mr. Williams' breached the agreement by filing this action and also asserted claims for unjust enrichment and promissory estoppel.

The Williamses seek to amend their complaint to add a breach of contract claim against the Board arising from the same agreement. The Williamses assert that the Board breached the agreement by disclosing personal information, failing to maintain the privacy of the psychological report, initiating disciplinary

action against Mr. Williams, and by all the acts and omissions described in counts one through five of the proposed amended complaint.

The Wellston City School District defendants oppose the motion for leave to amend asserting that the proposed amendment is futile. According to these defendants, the agreement contains only two provisions relating to the Board and neither were breached. Specifically, these defendants contend that they did not undertake any disciplinary action against Mr. Williams and there are no confidentiality or privacy requirements set forth in the agreement applicable to them relating to the psychological report or otherwise.

II. Analysis

There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss. Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989). Consequently, rather than determining the actual legal sufficiency of the new claim,

in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

The Court finds that, considering all of the allegations of the proposed amended complaint, there is a substantial argument to be made that the Williamses have sufficiently alleged a breach of contract claim.  Under these circumstances, the Court believes it is a better exercise of discretion to permit the amendment. Further, because the claim arises from the same agreement already at issue in the counterclaim, the Court does not believe allowing the amendment will result in any prejudice to the defendants or the significant delay of this action.  Consequently, the motion for leave to amend will be granted.

### III.  Disposition

Based on the foregoing, plaintiff's motion to amend (#22) is granted.  The Clerk shall detach and file the amended complaint attached to the motion.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge