IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark Williams, *et al.*

    Plaintiffs,

vs.

Wellston City School District, *et al.*

    Defendants.

Case No. 2:09–cv–566

Judge Michael H. Watson

## OPINION AND ORDER

In this civil rights action under 42 U.S.C. § 1983, Plaintiffs allege, *inter alia*, that Dr. Marjorie Gallagher recklessly and negligently examined Plaintiff Mark Williams' conduct and fitness for continued employment with Defendant Wellston City School District and that her report defamed Plaintiff. Before the Court is the Motion to Dismiss Plaintiffs' Amended Complaint against Dr. Marjorie Gallagher and R.F. Henn & M.C. Gallagher, M.D.'s Inc. and Motion for Summary Judgment (Doc. 26) filed January 22, 2010.

For the reasons that follow, the Motion to Dismiss Plaintiffs' Amended Complaint against Dr. Marjorie Gallagher and R.F. Henn & M.C. Gallagher, M.D.'s Inc. and Motion for Summary Judgment (Doc. 26) is hereby **GRANTED**.

### I. BACKGROUND

**A. Parties**

Plaintiff Mark Williams is a former educator and administrator of the Wellston

City School District. Plaintiff Penny Williams is the spouse of Mark Williams. Both are residents of Wellston, Ohio.

Defendant Marjorie C. Gallagher, also known as Marjorie Gallagher Henn (hereinafter "Dr. Gallagher"), is a physician with a specialization in psychiatry. She is duly licensed to practice medicine in the State of Ohio. Her professional office is located at 4603 North High Street in the City of Columbus, Franklin County, Ohio. Defendant R.F. Henn & M.C. Gallagher, M.D.'s Inc. is or was her employer. Dr. Gallagher and R.F. Henn & M.C. Gallagher M.D.'s, Inc. will be collectively referred to as "Defendants."

Also named in the amended Complaint as Defendants are the Wellston City School District, Wellston City School District Board of Education, the Superintendent of the Wellston City Schools, the individual members of the Wellston City School District Board of Education, and John Does 1 though 10. These Defendants will be referred to collectively as "the District." The issues currently before the Court, however, do not pertain to the District.

## B. Williams' Employment with the Wellston City School District

The Wellston City School District employed Williams as a school teacher in Wellston, Ohio, beginning with the 1992–93 academic year. Williams became an elementary school teacher at Bundy Elementary in the District in the 1997–98 academic year. In 2002, Williams became the Assistant Principal; in 2003, he was promoted to the position of Principal of Bundy Elementary. During his tenure as Principal, the District informed Williams of several anonymous complaints lodged against him; he was also accused of inappropriately engaging in e-mail communications with the parents of

some of the students enrolled at Bundy Elementary. As a result of the alleged complaints, the District required Williams' "fitness for duty" as an administrator and educator be independently evaluated by Dr. Gallagher.

## C. Evaluation of Williams

In March 2007 and on June 13, 2007, Williams reported to Dr. Gallagher's office. During both meetings, Dr. Gallagher conducted a "clinical psychiatric interview" of Williams. Subsequently, Dr. Gallagher authored a lengthy report which was then disclosed to the District. The report written by Dr. Gallagher contains and relates information which is purported by Defendants to be accurate and factual.

## D. Williams' Resignation

On August 8, 2007, Plaintiffs and the District executed an agreement ("the Agreement") that implemented Williams' resignation from employment with the District. The Agreement provides in pertinent part:

> This Agreement . . . is between the Wellston City School District Board of Education ("the Board") and Mark A. Williams ("Mr. Williams"). This Agreement is entered into for the purposes of concluding Mr. Williams' employment with the Board upon terms that are mutually acceptable to both parties. In consideration of the mutual promises set forth herein, the parties hereby agree voluntarily and with full understanding of the following terms.
> \*\*\*
> 8. Mr. Williams agrees that he will not take or initiate any administrative or legal action of any kind or description against the Board, other than an action to enforce this Agreement. In exchange for the mutual promises and consideration set forth herein, Mr. Williams, on his own behalf and on behalf of his heirs and assigns, hereby voluntarily and knowingly waives, releases and forever discharges the Board, its officers, employees, agents, consultants (including but not limited to Dr. Marjorie C. Gallagher) and other representatives, from any and all liabilities, causes of action, and/or claims of any kind or description, that he may have, whether known or unknown, arising out of or in any way related to Mr. Williams' employment, investigation of his conduct or fitness, or resignation from employment with the Board, including but not limited to any claims of negligence, intentional acts,

> emotional distress, loss of or damages to reputation, slander, defamation, invasion of privacy, wrongful discharge, constructive discharge, inability to procure other employment, any other rights or constitutional rights, and/or property damages, with the sole exception of the obligations of the Board to Mr. Williams specifically set forth in this Agreement.
> ***
> 11. The parties agree that they will not challenge the validity or enforceability of this Agreement or any of its terms in any court or any forum whatsoever.
> ***
> 14. Mr. Williams has been advised to consult with his attorneys prior to executing this Agreement and he acknowledges that he has consulted with his attorneys prior to the execution of this Agreement.
>
> 15. Mr. Williams acknowledges that the signing of this Agreement is voluntary on his part, and is done with full knowledge and understanding of the contents of this Agreement and its final and binding effect.

(Mot. To Dismiss (Doc. 26) Ex. 3.)

Plaintiffs allege thereafter the District published and publicized Dr. Gallagher's report within the Wellston, Ohio community, including on a community Internet blog.

### E. Plaintiffs' Claims

Plaintiffs filed their initial complaint in the Franklin County Court of Common Pleas in Columbus, Ohio. Defendants removed the case to this Court because Plaintiffs' claims against the District arise under federal statute 42 U.S.C. § 1983. Accordingly, this Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

With respect to the claims against Dr. Gallagher, Plaintiffs allege, *inter alia*, that she was reckless and negligent in her examination of Williams and that her report defamed Williams.

## II. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(c), which provides:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The Court may grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986); *Petty v. Metro. Gov't of Nashville-Davidson County*, 538 F.3d 431, 438–39 (6th Cir. 2008).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d. 479, 487 (6th Cir. 2006). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Reeves*, 530 U.S. at 150–51. Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

Thus, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234–35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251–52).

### III. DISCUSSION

Defendants seek summary judgment pursuant to Federal Rule of Civil Procedure 56 arguing Plaintiffs' executed Agreement with the District knowingly and voluntarily released Dr. Gallagher from "any and all liabilities, causes of action, and/or claims of any kind or description, . . . whether known or unknown, arising out of or in any way related to Mr. Williams' employment, investigation of his conduct or fitness, or resignation from employment with the Board . . . ." (Mot. to Dismiss (Doc. 26) Ex. 3 at ¶ 8.) Plaintiffs counter that the cause of action alleged against Defendants did not occur until after Plaintiffs signed the Agreement and as such, precludes Defendants from judgment as a matter of law.

A release is a contract that is favored by the law to encourage the private resolution of disputes. *Lewis v. Mathes*, 161 Ohio App. 3d 1, 7 (4th Dist. 2005). A release of a cause of action is an absolute bar to a later action on any claim encompassed within the release. *Haller v. Borror Corp.*, 50 Ohio St. 3d 10 (1990). Under Ohio law, a release is a contract subject to the rules governing the construction of contracts, *Shifrin v. Forest City Enters., Inc.*, 64 Ohio St. 3d 635, 597 (1992), and the rules generally applicable to contracts, such as the requirement of an offer and

acceptance, apply. *See Noroski v. Fallet*, 2 Ohio St. 3d 77, 79 (1982). Where a contract is clear and unambiguous, its interpretation is a matter of law. *Latina v. Woodpath Dev. Co.*, 57 Ohio St. 3d 212, 214 (1991); *Lewis*, 161 Ohio App. 3d at 8 (where release is clear and unambiguous, its interpretation is a matter of law). In construing the terms of a contract, the primary objective is to ascertain and give effect to the intent of the parties. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St. 3d 270, 273 (1999). The intent of the parties is presumed to reside in the language they employ in their agreement. *Foster Wheeler Enviresponse, Inc. v. Franklin County Convention Facilities Auth.*, 78 Ohio St. 3d 353, 362 (1997). Absent fraud or mutual mistake, broadly-worded releases are generally construed to include all prior conduct between the parties, even if the scope of such conduct or its damage is unknown to the releasor. *Denlinger v. City of Columbus, Ohio Pub. Sch.*, No. 00AP-315 (10th Dist. unreported), 2000 WL 1803923, *5 (Ohio App. Dec. 7, 2000).

While Plaintiffs agree that "[a] release of a cause of action is an absolute bar to a later action on any claim encompassed within the release," *Lewis*, 161 Ohio App. 3d at 7, Plaintiffs attempt to circumvent this by suggesting that the language of the Agreement does not anticipate "causes of action which had not accrued as of the date the agreement was signed." (Pls.' Resp. (Doc. 9) to Mot. to Dismiss 10).

The language of the release in this case, however, is clear and unambiguous and does not support Plaintiff's contention. The Agreement's release contains the following clause:

> In exchange for the mutual promises and consideration set forth herein, Mr. Williams, on his own behalf and on behalf of his heirs and assigns, hereby

> voluntarily and knowingly waives, releases and forever discharges . . . Dr. Marjorie C. Gallagher . . . from any and all liabilities, causes of action, and/or claims of any kind or description, that he may have, whether known or unknown, arising out of or in any way related to Mr. Williams' employment, investigation of his conduct or fitness . . . including but not limited to any claims of negligence [and] . . . defamation.

(Mot. To Dismiss (Doc. 26) Ex. 3 at ¶ 8.) This Agreement unambiguously encompassed and released "any and all liabilities, causes of action, and/or claims of any kind or description" that Plaintiffs would have against Dr. Gallagher. According to the plain language of the Agreement, all claims Plaintiffs "may have, whether known or unknown," against Dr. Gallagher were knowingly and voluntarily released.

Furthermore, in the Complaint, Plaintiffs allege that at the time of execution of the Agreement, Plaintiffs knew of both the results of the examination and the contents of the report. The Agreement clearly articulates that Williams' legal counsel received the report on July 26, 2007, thirteen days prior to the August 8, 2007 execution of the Agreement. The Agreement also specifies that Williams "acknowledges that he has consulted with his attorneys prior to the execution of this Agreement." (Mot. to Dismiss (Doc. 26) Ex. 3 at ¶ 14.) Plaintiffs and Plaintiffs' counsel thus knew of any claims of defamation in the report or any recklessness or negligence in the examination at the time of execution of the Agreement.

Plaintiffs cursorily argue the contract was breached when the contents of Dr. Gallagher's report were published. Plaintiffs, however, do not allege in the Complaint that *Dr. Gallagher* disclosed this report or its content to the public. Instead, the Complaint specifically alleges the other named Defendants disclosed this report or its content to the public. (Am. Compl. ¶¶ 16, 17.)

Accordingly, Plaintiffs present no evidence of genuine issues of fact that exist as to why the Agreement's release should not be enforced as to claims against Dr. Gallagher.[1]

Additionally, because the release is dispositive of the claims against Dr. Gallagher, the Court declines to address the merits of the additional arguments for dismissal put forth by Defendants.

### IV. CONCLUSION

The Court hereby **GRANTS** Defendants Dr. Marjorie Gallagher and R.F. Henn & M.C. Gallagher, M.D.'s Inc. Motion for Summary Judgment (Doc. 26) and all claims against Defendants Dr. Marjorie C. Gallagher and R.F. Henn & M.C. Gallagher, M.D.'s Inc. are **DISMISSED** with prejudice. Dr. Marjorie C. Gallagher and R.F. Henn & M.C. Gallagher, M.D.'s Inc. are **DISMISSED** as Defendants. The Clerk shall remove Doc. 26 from the Court's pending motions list.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Plaintiffs' counsel includes a footnote that he has never seen a release in a civil action which purports to benefit an expert hired by the "released parties." (Pls.' Resp. to Mot. to Dismiss 11 n.3.) The Agreement's release, however, specifically designates Dr. Gallagher as receiving the benefits of the release, and thus is an intended, benefitting party under the contract.