UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mark Williams, *et al.*

        Plaintiffs,                  Case No. 2:09–cv–566

vs.                              Judge Michael H. Watson

Wellston City School District, *et al.*

        Defendants.

## OPINION AND ORDER

In this civil rights action under 42 U.S.C. § 1983, Plaintiffs allege, *inter alia*, that Dr. Marjorie Gallagher recklessly and negligently examined Plaintiff Mark Williams' conduct and fitness for continued employment with Defendant Wellston City School District and that her report defamed Plaintiff. In an Opinion and Order dated May 25, 2010, this Court dismissed Defendants Dr. Marjorie Gallagher and R.F. Henn & M.C. Gallagher, M.D.'s Inc. ("Defendants") finding that Plaintiff's executed agreement released Dr. Gallagher and her practice from any liability. Op. and Order, ECF No. 34.

Before the Court now is Defendants Dr. Marjorie Gallagher and R.F. Henn & M.C. Gallagher, Inc.'s motion for judgment entry on all of Plaintiffs' claims against Defendants Dr. Marjorie Gallagher and R.F. Henn & M.C. Gallagher, Inc. ECF No. 36.

I.

Defendants move the Court to enter a "Partial Judgment Entry" as to allow Plaintiffs to appeal this Court's May 25, 2010 Opinion and Order if they so desire. Defendants' primary reason for such final partial judgment entry is to participate in

discovery, as Defendants have been relegated to the sidelines in the ongoing discovery process. Defendants reason that an appeal to the United States Court of Appeals for the Sixth Circuit would allow this Court to issue a stay in discovery as to the remaining claims during the pendency of the appeal so that Defendants may participate in discovery should this Court's Opinion and Order be reversed.

No statute, rule of procedure, or case law for such proposition is cited by Defendants. Plaintiffs do not reply to this Motion.

## II.

Presumably, Defendants are suggesting the Court enter such final partial judgment pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)").

Rule 54(b) provides as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Certification for appellate review prior to the ultimate disposition of the case is only justified in extraordinary cases. *Rudd Const. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983); *see also Gen. Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1026–27 (6th Cir.1994) (finding that "[A]lthough Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate immediate appeal of every action taken by a district court."). "The rule is specifically 'designed to

facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action.'" *Baden-Winterwood v. Life Time Fitness*, Case No. 2:06–cv–99, 2007 WL 2326877, at *4 (S.D. Ohio Aug. 10, 2007) (citing *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986)).

Certification pursuant to Rule 54(b) requires two independent findings. First, the district court must expressly "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). Second, the district court must "expressly determine[ ] that there is no just reason for delay" of appellate review. *Id.* When a district court finds that certification of an order under Rule 54(b) is appropriate, it must clearly explain why it has concluded that immediate review of the challenged ruling is desirable. *Gen. Acquisition*, 23 F.3d at 1026 (citing *Solomon*, 782 F.2d at 61–62). "[E]ven where the district court properly supports its certification, Rule 54(b) should not be used routinely, . . . but rather should be reserved for the infrequent harsh case, . . . where certification serves the interests of justice and judicial administration." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir.1988) (internal quotations and citations omitted).

This Court's May 2010 Opinion and Order granted judgment in Defendants favor, dismissed all claims against Defendants with prejudice, and dismissed Defendants from the case leaving several other Defendants and counterclaims. Consequently, the first step of Rule 54(b) certification, is fulfilled.

In turning to the second step for Rule 54(b) certification, to determine whether there is no "just reason for delay", the Sixth Circuit has articulated a non-exhaustive list of factors, including but not limited to: (1) the relationship between the adjudicated and

the unadjudicated claims; (2) the possibility that the need for review might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity or competing claims, expense and the like. *Gen. Acquisition*, 23 F.3d at 1030 (citing *Corrosioneering, Inc. v. Thyssen Evntl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986)).

The general rule disfavoring piecemeal federal appellate review allows only truly separable claims to be presented for review while others in the same case remain pending. *Curtiss-Wright v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (stating that "[N]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."); *see also Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994) (noting with respect to "the relationship between the adjudicated and unadjudicated claims—they should generally be separate and independent so that the appellate court will not have to consider the same issues again if a second appeal is brought"); *Lowery v. Fed. Exp. Corp.*, 426 F .3d 817, 823 (6th Cir. 2005) (finding that the commonality in operative facts between dismissed and pending claims militated against immediate review).

In the case *sub judice*, the Court finds that the dismissed claims arise from the same factual allegations as the pending claims of the remaining Defendants. Judicial economy will be best served by delaying the appeal until the case is completed in order to present the case to the Sixth Circuit in a unified package. *Solomon*, 782 F.2d at 62.

Also, the Court does not agree with Defendants that staying discovery on the claims remaining before the Court while an appeal is decided in the appellate court is an efficient way to resolve Plaintiffs' claims. Furthermore, Defendants do not specifically address any of the aforementioned criteria or present extraordinary circumstances that warrant such a piecemeal review.

### III.

Accordingly, in exercising its discretion and after considering the above factors, the Court cannot find that there is no just reason to delay appellate review. The Court **DENIES** Defendants Dr. Marjorie Gallagher and R.F. Henn & M.C. Gallagher, Inc.'s motion for judgment entry on all of Plaintiffs' claims against Defendants Dr. Marjorie Gallagher and R.F. Henn & M.C. Gallagher, Inc. ECF No. 36.

The Clerk shall remove ECF No. 36 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**